**Harry A. Rhinevault, Defendant in Error, v. Charles R. Barrett, trading as Charles R. Barrett Company, Plaintiff in Error.**

**Gen. No. 18,444.  (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. THOMAS F. SCULLY, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1912.  Reversed and remanded.  Opinion filed March 11, 1914.

## Statement of the Case.

Action by Harry A. Rhinevault against Charles R. Barrett, doing business under the name and style of Charles R. Barrett Company, to recover a balance claimed to be due for work and material furnished by plaintiff in constructing a spring coiling machine for the defendant.  A trial by the court resulted in a finding and judgment in favor of plaintiff for two hundred and seventy-five dollars.  To reverse the judgment, defendant prosecutes a writ of error.

BURKE, JACKSON & BURKE, for plaintiff in error.

NINIAN H. WELCH, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

## Abstract of the Decision.

ASSUMPSIT, ACTION OF, § 71*—*when recovery for partial perform-ance of work not sustained by the evidence.* In an action to re-cover for work and material furnished in constructing a machine for defendant, at his request, without any agreement as to the price or terms of payment, it appeared that defendant paid plaintiff a certain sum on account and later upon plaintiff's application for a further payment the defendant refused to make the same, except on condition that plaintiff would complete and deliver the machine by a certain date at a total cost of not exceeding a certain amount, which terms the plaintiff refused to accept and he abandoned the work, *held* that the conditions imposed were impossible of per-formance, and that plaintiff was justified in abandoning the work and was entitled to recover upon a *quantum meruit* for the reason-able value of the material furnished and of the services performed, but that a judgment in favor of plaintiff could not be sustained for the reason that there was no evidence offered by plaintiff tending to show that the charge made by plaintiff for his labor and services was the reasonable and customary charge.